1  Maureen C. VanderMay, WSBA No. 16742
   The VanderMay Law Firm
2  2085 Commercial Street NE
   Salem, OR 97301
3  (503) 588-8053

4

5

6                  UNITED STATES DISTRICT COURT

7              EASTERN DISTRICT OF WASHINGTON

8
   ELF-MAN, LLC,                    )   Case No.: 2:13-cv-00115-TOR
9                                    )
              Plaintiff,             )   PLAINTIFF'S *EX PARTE* MOTION TO
10                                   )   EXPEDITE DISCOVERY
   v.                               )
11                                   )
   DOES 1 – 29,                     )   April 22, 2013 (if expedited hearing denied)
12                                   )   Without Oral Argument
              Defendants.           )
13 _____  )

14         Pursuant to Federal Rules of Civil Procedure 26 and 45, Plaintiff Elf-Man,

15 LLC hereby moves this Court *ex parte* for an order permitting Plaintiff to take

16 limited discovery to ascertain the identities of Defendants designated in Exhibit 1

17 to the Complaint prior to the Rule 26(f) conference for the reasons stated in the

18 following legal argument.  For the reasons set forth in the accompanying motion to

19 expedite hearing, Plaintiff also seeks expedited consideration of this motion

20 pursuant to LR 7.1(h)(2)(C).

21                          LEGAL ARGUMENT

22 I.    INTRODUCTION

23         Plaintiff is the registered author of a motion picture titled *Elf-Man*,

24 Copyright Registration PA 1-823-286.  Defendants are a group of BitTorrent users

25 or peers whose computers are interconnected and used for illegally copying and

26 distributing Plaintiff's motion picture to each other and others.  Plaintiff is suing

27 PLAINTIFF'S *EX PARTE* MOTION  – Page 1
28 TO EXPEDITE DISCOVERY

1  the various Doe Defendants for using the internet, specifically the BitTorrent file

2  distribution network, to commit copyright infringement. As Defendants used the

3  internet to commit infringement, Plaintiff only knows Defendants by their Internet

4  Protocol ("IP") address.  Defendants' IP addresses were assigned to the

5  Defendants by their respective Internet Service Providers ("ISP").  The ISP uses

6  the IP address to specifically identify each person using the internet though the

7  ISP to transmit and receive data.  Publicly available data allows Plaintiff to

8  identify the specific ISP Defendants used, and even often the city where the

9  Defendants reside, as identified in Exhibit 1 of the filed Complaint.  But as the

10  ISPs control the access to the internet by the individual Defendants, only the ISPs

11  have the records which tie each IP address identified as infringing Plaintiff's

12  copyright to a specific Defendant.  Without this information, Plaintiff cannot serve

13  the Defendants nor pursue this lawsuit to protect its valuable copyrights.

14      Accordingly, Plaintiff seeks leave of the Court to serve Rule 45 subpoenas

15  on the ISPs identified with the Complaint and any related intermediary ISPs.  Any

16  such subpoenas will be limited to non-content subscriber account information such

17  as the true name, address, telephone number, and e-mail address of the Defendants

18  identified by the IP address in Exhibit 1 to the Complaint.  Plaintiff will only use

19  this information to prosecute the claims made in its Complaint.

20  II.    ARGUMENT

21      Federal Rule of Civil Procedure 26(d)(1) authorizes a court to permit

22  discovery before the Rule 26(f) conference upon a showing of "good cause" for

23  the party's need for expedited discovery. *See, e.g., Renaud v. Gillick,* No.

24  06-1304, 2004 WL 98465, at *2-3 (W.D. Wash. Jan. 8, 2007) (analyzing the Ninth

25  Circuit standard of "good cause" and cases permitting expedited discovery);

26  *Semitool, Inc. v. Tokyo Electron Am., Inc.,* 280 F.R.D. 273, 276 (N.D. Cal. 2002)

27  PLAINTIFF'S *EX PARTE* MOTION   – Page 2
28  TO EXPEDITE DISCOVERY

1   ("Good cause may be found where the need for expedited discovery, in

2   consideration of the administration of justice, outweighs the prejudice to the

3   responding party.").

4   Courts routinely allow discovery to identify "Doe" defendants. *See, e.g.,*

5   *Zembizia Film, Ltd. v. Does 1-66,* 2:13-cv-00308-MJP-RSL (W.D. Wa. Feb. 25,

6   2013); *Voltage Pictures, LLC v. Does 1 – 371,* 3:13-cv-00295-AA (D. Or. Feb. 22,

7   2013) and *Matot v. Does 1-5,* 6:13-cv-00153-TC (D. Or. Feb. 12, 2013) (leave

8   granted to subpoena any email service or internet service providers for such

9   further information as may be needed to specifically identify Doe defendants);

10  *Murphy v. Goord,* 445 F. Supp. 2d 261, 266 (W.D. New York 2006) (in situations

11  where the identity of alleged defendants may not be known prior to the filing of a

12  complaint, the plaintiff should have an opportunity to pursue discovery to identify

13  the unknown defendants); *Wakefield v. Thompson,* 177 F.3d 1160, 1163 (9th Cir.

14  1999) (error to dismiss unnamed defendants given possibility that identity could

15  be ascertained through discovery); *Cottrell v. Unknown Correctional Officers,*

16  1-10, 230 F.3d 1366 (9th Cir. 2000); *Gillespie v. Civiletti,* 629 F.2d 637, 642 (9th

17  Cir. 1980) ("where the identity of alleged defendants [are not] known prior to the

18  filing of a complaint . . . the plaintiff should be given an opportunity through

19  discovery to identify the unknown defendants"); *Equidyne Corp. v. Does 1-21,*

20  279 F. Supp. 2d 481, 483 (D. Del. 2003) (allowing pre-Rule 26 conference

21  discovery from ISPs to obtain identities of users anonymously posting messages

22  on message boards).

23  Courts consider the following factors when granting motions for expedited

24  discovery to identify anonymous internet users: (1) whether the plaintiff can

25  identify the missing party with sufficient specificity such that the court can

26  determine that the defendant is a real person or entity who could be sued in federal

27  PLAINTIFF'S *EX PARTE* MOTION  – Page 3

28  TO EXPEDITE DISCOVERY

1   court; (2) all previous steps taken by the plaintiff to identify the Doe defendants;

2   and (3) whether the plaintiff's suit could withstand a motion to dismiss. *Columbia*

3   *Ins. Co. v. Seescandy.com,* 185 F.R.D. 573, 578-580 (N.D. Cal. 1999).

4       First, Plaintiff can identify the missing parties with sufficient specificity: the

5   missing parties are the account holders of the specific IP addresses that Plaintiff

6   has specifically identified with the Complaint in Exhibit 1 to the Complaint.

7   Second, though Plaintiff has been able to identify much about each Defendant,

8   namely who they use as their ISP, where they are generally located and what

9   software they used to commit acts of infringement, Plaintiff has no means to

10  readily identify the Doe Defendants as named individuals.  The ISPs have

11  procedures for revealing such information, but they require a subpoena as a matter

12  of course.  Third, Plaintiff states a claim for copyright infringement.  Specifically,

13  Plaintiff has alleged sufficient facts to support a plausible right to relief well above

14  any general level of mere speculation.  *Bell Atlantic Corp. v. Twombly,* 550 U.S.

15  544 (2007).

16      Good cause clearly exists in this case because the internet service providers

17  used to commit the acts of copyright infringement are the only sources which can

18  supply the information necessary to identify the Defendants. As a further basis for

19  good cause, it is recognized that but for the expedited discovery there will be

20  irreparable harm to the copyright owner. *See UGM Recordings, Inc. v. Doe.,* No. C

21  08-1193 SBA, 2008 WL 4104214, at * 4 (N.D. Cal. Sept. 3, 2008) (finding good

22  cause for expedited discovery exists in internet infringement cases where a

23  plaintiff makes a prima facie showing of infringement as there is no other way to

24  identify the Doe defendants and there is a risk an ISP will destroy its logs prior to

25  the conference.).

26      If Plaintiff is denied the ability to subpoena the ISPs then the identity of the

27  PLAINTIFF'S *EX PARTE* MOTION  – Page 4

28  TO EXPEDITE DISCOVERY

1   infringers will remain hidden and Defendants will be able to continue to freely

2   infringe Plaintiff's copyrights and commit other acts of theft with impunity.  As

3   such, it is clearly in the interest of preserving justice and order that this Court

4   should grant Plaintiff's motion.  *See Semitool, Inc.,* 280 F.R.D. at 276 ("Good

5   cause may be found where the need for expedited discovery, in consideration of

6   the administration of justice, outweighs the prejudice to the responding party.").

7   III.   PLAINTIFF'S PROPOSED ORDER

8         In the management of related cases, Plaintiff observes many parties may be

9   unfamiliar with their respective rights and duties.  In particular, not all ISPs may

10  be fully aware of their obligations and responsibilities under the Cable

11  Communications Act of 1984, 47 U.S.C. § 521, et seq. and The Stored

12  Communications Act, 18 U.S.C. § 2701, et seq.

13        Plaintiff would like to avoid complications and any unnecessary or

14  excessive burden on the courts or any party who may attempt to comply with a

15  subpoena in good faith.  To that end, Plaintiff requests that the Court adopt an

16  order to govern the subpoenas issued in this case.  Plaintiff believes such

17  subpoenas should be limited to subscriber identifying information and exclude

18  content which may be protected.  Further, Plaintiff requests an order that

19  specifically outlines an ISP's duty to notify subscribers and provides an

20  opportunity for such subscribers to file a motion to quash.

21        Plaintiff submits with its motion a proposed form of order that provides

22  specific notice and reference to the obligations of an ISP and provides that notice

23  to subscribers may be accomplished through notice as outlined in the order or in

24   any other manner established by the ISP to comply with 47 U.S.C. §551(c)(2)(C).[1]

25

26        [1]      Plaintiff's proposed order is substantially identical to the order

27  PLAINTIFF'S *EX PARTE* MOTION   – Page 5

28  TO EXPEDITE DISCOVERY

1    Plaintiff believes that its proposed order, narrowing and focusing Plaintiff's

2  subpoena power and providing notice to parties of rights and duties, is in the

3  interest of efficiency and justice and requests that the Court adopt and issue the

4  proposed order or a similar order.

5  IV.    CONCLUSION

6    For the foregoing reasons, Plaintiff respectfully requests the Court grant its

7  *Ex Parte* Motion to Expedite Discovery and enter an order allowing Plaintiff to

8  subpoena records from the ISPs for the identity of the account holder assigned to

9  each IP address identified as an infringing party in Exhibit 1 to the Complaint and

10  for such further information as may be needed to specifically identify the several

11  Doe Defendants.

12  DATED: March 22, 2013

13                                Respectfully submitted,

14                                The VanderMay Law Firm

15                                /s Maureen C. VanderMay
                                  Maureen C. VanderMay, WSBA No. 16742
16                                email:  court@vandermaylawfirm.com
                                  The VanderMay Law Firm
17                                2085 Commercial Street NE
                                  Salem, OR 97301
18                                (503) 588-8053
                                  Of Attorneys for Plaintiff

19

20

21

22  granting its motion to expedite discovery in *Elf-Man, LLC v. Does 1-107,* 3:

23  13-cv-00334-AC (D. Or. March 13, 2013).  In that action, Plaintiff asserts claims

24

25  that are identical to those at issue here against Doe defendants located within the

26  State of Oregon.

27  PLAINTIFF'S *EX PARTE* MOTION  – Page 6

28  TO EXPEDITE DISCOVERY